■ In the Matter of KEYMARROO GUIDEN, Appellant, for the Appointment of a Guardian of the Person and Property of VERONICA WALLACE, an Alleged Incapacitated Person. SALLIE FLOYD et al., Respondents. [872 NYS2d 115]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered May 4, 2007, which dismissed petitioner's petition to be appointed the guardian over the person and property of his wife, Veronica Wallace, an alleged incapacitated person (AIP), and granted the cross petition of Corlinda Nicholson to be appointed the guardian over the person and property of her sister, the AIP, unanimously reversed, on the law, without costs, the petition reinstated, the grant of the cross petition vacated, and the matter remanded for a hearing on the petition.

We express no opinion on the merits of petitioner's application. However, we disagree with Supreme Court that petitioner, a paroled convicted felon who had obtained a temporary certificate of relief from disabilities, could not, as a matter of law, serve as guardian for the AIP. Rules of the Chief Judge (22 NYCRR) § 36.2 (c) (7) contains no distinction between the rights conferred to an individual issued a temporary certificate of relief from disabilities (one issued while an individual is on parole) (*see* Correction Law § 703 [4]) and those same rights which cease being temporary when the individual is released from parole (*id.*).

The court's apparent exclusion of petitioner from the hearing on the cross petition was improper. Although the parties dispute whether petitioner and the AIP were married, the evidence that the couple resided together for several years and had two children together made such exclusion improper. Concur—Gonzalez, J.P., Buckley, Catterson, McGuire and Acosta, JJ.